THE STATE *v.* THE JUDGE OF THE THIRD JUDICIAL DISTRICT.

The provision of the second section of the act of 26th March, 1842, directing all judicial proceedings by individuals, against the Clinton and Port Hudson Railroad Company to be stayed, must be understood as suspending such proceedings, pending a suit by the State for the forfeiture of its charter, in order that no one creditor may gain an undue advantage over the rest. Such a temporary stay of proceedings, does not impair the obligation of contracts. It is a conservatory measure only. *Otherwise,* were the clause interpreted as directing a stay of all proceedings from the promulgation of the act for an indefinite period, upon the mere authority of the legislature.

APPLICATION for a mandamus to the Judge of the Third Judicial District, *Johnson,* J.

*Roselius,* Attorney General, for the State.

BULLARD, J. The Attorney General informs us that, in pursuance of an act of the legislature entitled " an act to preserve the credit of the State," approved on the 26th of March, 1842, proceedings have been commenced against the Clinton and Port Hudson Rail Road Company for a forfeiture of its charter, and a final liquidation of its affairs. He further shows that the Judge of the Third

Judicial District, before whom the suit is pending, has declined to grant an order, authorized by an act to stay all proceedings by individuals against the Company pending such suit.   He prays for a mandamus against the Judge, commanding him to grant such stay of proceedings.   The Judge has given his reasons for not allowing the injunction to issue, and it is understood that those reasons are to be considered by us as if given in answer to a rule to show cause why a mandamus should not be issued; and should we consider them insufficient, that a peremptory mandamus is to be issued in the first instance.

The clause of the act which authorizes the proceeding is in the following words : " *provided further*, that from and after the passage of this act, all judicial proceedings against said Company by individuals shall be stayed."   By this we understand the intention of the legislature to be a suspension of proceedings on the part of individual creditors, pending the suit for a forfeiture of the charter, in order that no one may gain any advantage over others not resulting from his contract, and that the State itself, considered as a creditor of the Company, is to come in after the decision of the case, and when a *concurso* shall be formed, for the purpose of a fair and equal distribution of the assets.   Such *is the case* in all surrenders of property under the State laws.   It is true, that in those cases the property is already given up to the creditors, and the surrender accepted by the Judge.   The Judge of the district appears to give a more literal construction to the act, and regards it as liable to serious constitutional objections.   He remarks, that " a judgment of forfeiture will not necessarily follow the institution of a suit for that purpose, and that the contingency which will put the affairs of the Company in liquidation, may never happen.   In the meantime, the State may proceed to enforce its mortgage against the Company ; the Company may sue, have judgment, execute in satisfaction, trade, and do all manner of things right or wrong, and the individual creditors of the Company are without power to move judicially, in person or by legal representative, to protect their rights, until there is a decree of forfeiture and commissioners are appointed, or until the legislature may think fit to take away the restraint which it has ordered and, by an assumption of judicial power, executed in one breath.

This to me looks like the impairing of the obligation of contracts. I can see no substantial remedy which has been left to the individual creditors."

In answer to these objections it may be remarked, that the Judge looks rather to the literal tenor of the act than to the prayer of the petition presented by the State, which is, that all proceedings against said Company, except in behalf of the petitioner, may be stayed, in accordance with the act above referred to, *until after the final decision of the suit*, and for an injunction accordingly.

It appears to us that a temporary stay of proceedings on the part of creditors, with the view of preventing any unjust preference or advantage from being gained pending the proceeding on the part of the State to revoke the charter, does not impair the obligation of contracts. We regard it as a conservatory measure only ; and if the State should proceed, in the meantime, to foreclose its mortgage to the prejudice of other creditors, it will be time to inquire whether equal justice does not require its proceedings to be stayed, in order that all the creditors may come in concurrently when the corporation shall have been dissolved, and commissioners appointed to liquidate its concerns. The last clause in the act, however, reserves to the State the right, in the meantime, to foreclose the mortgages of the stockholders according to the existing laws.

The objection made by the Judge, that the legislature has assumed judicial power in the premises, would be difficult to answer, if we were to give a literal construction to that clause of the act which declares that, from and after the passage of the act, all judicial proceedings, on the part of individual creditors, shall be stayed. But the attorney general does not put the case upon that footing. We are not asked to sanction a stay of proceedings from the promulgation of the act, indefinite in duration, upon the mere authority of the legislature. On the contrary, the State asks that the creditors of the Bank may be restrained by orders emanating from judicial authority, from proceeding to enforce their claims against the corporation, in order that every thing may be kept *in statu quo*, until the proceedings for a forfeiture of the charter shall have been finally disposed of, precisely as in cases of respite and

---

---

*cessio bonorum* under the laws of the State. To this extent we do not perceive that there is any constitutional objection to the proceeding.

It is therefore ordered, that a mandamus be issued commanding the Judge of the Third Judicial District to grant the stay of proceedings and injunction, as prayed for.